Filed 2/29/16  P. v. Dandridge CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAVIER DANDRIDGE,<br><br>        Defendant and Appellant. | C078666<br><br>(Super. Ct. No. 14F03666) |

Defendant Javier Dandridge and Stacy Fingers were dating in November 2013. Stacy was still married to, but separated from, her husband Christopher.  In January 2014, Dandridge moved in with Christopher and Stacy at their apartment.  There were some tensions between defendant and Christopher about the relationship and a police report Christopher filed.  Defendant and Stacy moved out in March 2014.

In May 2014, Christopher was visiting a friend.  When he came out of his friend's house, defendant was standing by his car.  Defendant quickly approached Christopher and said, "I'm gonna get you."  The two struggled and eventually defendant ran toward a

1

car driven by Stacy. Christopher was bleeding and realized he had been cut in the forehead with something sharp.

A few days later, defendant and Stacy drove to a trailer park. As they entered, six men were standing near the management office, including Timothy Hinzman, William Hinzman, and James Stefanic. Timothy threw a bottle at the car. Stacy stopped the car, and backed up. James and Timothy approached the car and a confrontation between them and defendant ensued. Defendant stabbed William in the stomach and yelled at Stacy to drive away. William required surgery to repair his injuries.

Defendant claimed he was legally blind at the time of the incidents and his actions were reasonable in light of his disability. He claimed he was returning car keys to Christopher, when Christopher became aggressive. Defendant pushed the car keys at Christopher and they hit Christopher in the head. As to the trailer park incident, he claimed that Stacy told him she had had problems with the men before, and then he heard something hit the car. He asked the men to get out of the way, they then surrounded the car, and tried to open the car doors. William threatened to shoot defendant and continued to be aggressive, so defendant reached around to find a weapon to defend himself and found a knife. When William reached into the car and grabbed defendant, defendant stabbed him.

A jury found defendant guilty of two counts of felony assault with a deadly weapon and one count of battery resulting in great bodily injury. The jury also found true two enhancement allegations, one for great bodily injury and one for a personal use of deadly weapon.

The trial court sentenced defendant to an aggregate term of eight years in prison. The trial court awarded defendant 303 days of presentence custody credit. The trial court ordered defendant to pay a $400 restitution fine, a $400 parole revocation fine, suspended unless parole is revoked, and various other fines and fees. Defendant appeals.

2

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief but none was filed. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/_____
Robie, J.


We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Hoch, J.


3